# United States District Court, Eastern District of Wisconsin

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 795 | **DATE** | 12/15/2009 |
| **CASE TITLE** | U.S.A. vs. John Miller | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion as amended, [docket #1 and 3] denies the motion to strike, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    John Miller, a federal prisoner, filed in his original criminal case (08 CR 84) two pro se documents entitled "defective indictment motion" (docket entry 91) and an affidavit (docket entry 92), which this court ultimately construed together as a motion pursuant to 28 U.S.C. § 2255.[1]  Miller subsequently filed another pro se document entitled "motion to the court under extraordinary circumstance Rule 60(b)," (docket entry 95) which the court construed as an amendment to the § 2255 motion.  The court then established a briefing schedule directing the government to file a response and allowing Miller to file a reply.  The government filed its response, and Miller filed thereafter a document entitled "motion to strike and compel."  This latter document requests that the court strike the government's response because it does not answer Miller's allegations of new evidence and asks the court to compel the government to respond to the new evidence.

    As an initial matter, the court denies the motion to strike.  The claim of "new evidence" is actually a rehash of the claim that the indictment is defective, to which the government has in fact responded.  The court, however, will consider the arguments in the motion to strike as a reply to the government's response.

    The first claim raised by Miller in his § 2255 motion is that the indictment was defective because it charged him with offenses for which there is no evidence to support and that his trial counsel was ineffective for failing to challenge the indictment as well as for failing to advise him of the defect and allowing him to plead guilty to the charges therein.

    As to the issue of the defective indictment, Miller raised that issue in his direct appeal via his response to the Anders motion filed by his appellate counsel.  The Court of Appeals rejected the claim as frivolous because his unconditional guilty plea waived any challenge to the indictment and because he was charged with making a threat under both offenses, and therefore it was irrelevant whether he intended, or had the ability, to carry out the threat.  This claim is therefore barred as Miller cannot raise a claim in a § 2255 motion that was previously decided on direct appeal.  See White v. United States, 371 F. 3d 900, 902 (7th Cir. 2004).

    To the extent Miller casts his claim in terms of ineffective assistance of counsel, he is also barred from bringing that claim because he did so on direct appeal and it was rejected by the Court of Appeals.  See United States v. Peleti, 576 F. 3d 377, 383 (7th Cir. 2009).  In its order disposing of the direct appeal, the Court of Appeals, noting that Miller "propose[d] to argue that his counsel was ineffective for not challenging his indictment," found that

09C795 U.S.A. vs. John Miller     Page 1 of 2

Case 1:09-cv-00795-PGR   Filed 12/15/09   Page 1 of 2   Document 8

argument to be frivolous, in part because the indictment was not defective. Even if the claim was not raised and decided on direct appeal, it is nonmeritorious as trial counsel could not have been ineffective for failing to challenge an indictment as defective when the Court of Appeals has ruled it was not so.

The same can be said to the extent Miller is now arguing that his trial counsel was ineffective for not advising him of the defective indictment prior to his pleading guilty. The failure to advise Miller of a nonexistent defect in the indictment does not constitute ineffectiveness of counsel. Further, the record at the plea hearing reflects that Miller's trial counsel properly explained to him the charges in the indictment and what needed to be proved thereon and that Miller understood that explanation. Miller has simply failed to show that his trial counsel was ineffective or that such alleged ineffectiveness led to his having pleaded guilty to a defective indictment.[2]

The final claim by Miller is a litany of reasons why the plea agreement was "breached" in this case. Most of these reasons are nothing more than a rehash of the arguments already raised and disposed of in this proceeding. The only one worthy of further discussion is Miller's one-sentence contention that his trial counsel "kept telling [him] that there was a likelyhood of [him] getting probation, which why he went along" with pleading guilty.[3]

This barebones, unsupported assertion is belied by the fact Miller never mentioned such a "promise" by his trial attorney during the plea hearing or during the extended discussion that occurred when Miller raised the issue of representing himself and withdrawing his guilty plea during the sentencing hearing on October 6, 2008. Further, he failed to raise this contention even when asked if anyone forced him to enter a guilty plea. Additionally, the court explained to Miller during the plea hearing that "if [it] sentence[d] [him] to a period of imprisonment" he would have to serve a period of supervised release following his incarceration. This statement clearly implies that probation was at least a possibility but that whether Miller received it was a matter for the court to decide. Thus, if Miller was truly relying on a "promise" of probation by his trial counsel in pleading guilty, that would have been the most likely time for Miller to have spoken up buy yet he did not. His silence at that point is telling.

This isolated, undeveloped, and belated contention by Miller is similar to many of Miller's contentions that appear to be nothing more that an after the fact attempt to renege on his knowing and voluntary guilty plea because of his apparent dissatisfaction with the consequences of the bargain he freely struck. As the government contends, no evidentiary hearing is necessary to resolve this issue

Finally, the court notes that much of what Miller presents in his § 2255 motion as amended are arguments based on misunderstandings of the applicable law as charged in this case, what was necessary to prove those charged offenses, and what the potential sentence was for each offense. There is simply no indication in the record that any of those misunderstandings are attributable to the legal advice or representation provided by Miller's trial counsel. In fact, these various assertions fly in the face of a clear record that Miller received more than adequate explanations by both trial counsel and the court. Yet he continues to disregard those explanations and persist in his own untrained interpretations of the applicable law.

For the foregoing reasons, the court denies the § 2255 motion as amended, denies the motion to strike, and dismisses this cause in its entirety.

---

1. At that time, the court directed the clerk to open a civil case under which the § 2255 motion is to proceed.

2. To the extent Miller is relying on advice given by his former trial attorney, such reliance is misplaced as Miller stated under oath at the plea hearing that he was acting based only on the legal advice given him by his current trial attorney, Mr. Phillip.

3. This contention can be found on page 3 of the document located at docket entry 95.

09C795 U.S.A. vs. John Miller    Page 2 of 2

Case 1:09-cv-00795-PGR   Filed 12/15/09   Page 2 of 2   Document 8